Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000202
11-JUL-2014
07:52 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---


MARTIN S. GOUR, Claimant-Appellant,
vs.
HONSADOR LUMBER, LLC, Employer-Appellee,
and
INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA/CHARTIS CLAIMS, INC., Adjusted by
JOHN MULLEN AND COMPANY, INC.,
Insurance Carrier/Insurance Adjuster-Appellee.


CAAP-12-0000202


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2011-443(WH)(9-11-00285))


JULY 11, 2014


NAKAMURA, CHIEF JUDGE, AND FOLEY AND FUJISE, JJ.


OPINION OF THE COURT BY NAKAMURA, C.J.

Claimant-Appellant Martin S. Gour (Gour) sought to appeal a decision (Decision) of the Director of the Department of Labor and Industrial Relations (Director) to the Labor and Industrial Relations Appeals Board (LIRAB). The Director's Decision deferred determination of Gour's workers' compensation claim until he complied with an order to undergo an independent medical examination (IME), and it also imposed a no-show fee of

up to $250 for his failure to appear for a scheduled IME. The LIRAB dismissed Gour's appeal without considering it on the merits because the LIRAB ruled that the Director's Decision was not an appealable decision.

As explained below, we conclude that Gour was entitled to appeal and obtain review of the Director's Decision. We therefore vacate the LIRAB's "Order Dismissing Appeal" and remand the case for a decision on the merits.

BACKGROUND

Gour was employed by Employer-Appellee Honsador Lumber, LLC (Honsador) as a truck driver. Gour claimed that on March 15, 2011, he left work due to stress and accompanying symptoms arising from alleged threats and verbal abuse directed at him by a co-worker. Gour filed a workers' compensation claim for mental stress injury, asserting that he suffered from headaches, bloody stools, and a sleep disorder as a result of being threatened at work. Gour subsequently resumed working as a truck driver, but with a new employer, after he was told by Honsador that he had walked off the job and therefore had resigned.

In response to Gour's claim for mental stress injury, Employer[1] notified Gour that it had scheduled an independent psychological examination for him with Joseph Rogers, Ph.D (Dr. Rogers).[2] When Gour did not appear for the scheduled examination, Honsador sought and obtained an order dated June 20, 2011, from the Director, compelling Gour to undergo an independent psychological examination. The Director's order required Gour "to submit [himself] for an evaluation and

_____

[1] We use "Employer" to refer collectively to Honsador and Insurance-Carrier Appellee Insurance Company of the State of Pennsylvania/Chartis Claims, Inc., adjusted by John Mullen and Company, Inc.

[2] Employer notified Gour that the examination consisted of two parts, psychometric testing and clinical interview, each lasting approximately four hours.

an interview by [Dr. Rogers]" on July 9 and July 12, 2011, at the office of Stephen Carter. The Director's order further provided:

> If you refuse to submit to or [in] any way obstruct the ordered examinations, your right to claim compensation may, after a hearing by the Director, be suspended until such refusal or obstruction ceases, and no compensation may be payable for the period during which the refusal or obstruction continues.

Gour failed to appear as ordered for the independent psychological examination.

After a hearing on September 22, 2011, the Director issued the Decision on November 10, 2011. In the Decision, the Director deferred determination of compensability on Gour's workers' compensation claim until he complied with the ordered independent medical examination. The Director ruled:

> The determination of compensability is deferred until such time that [Gour] complies with the ordered independent medical evaluation as requested by [Employer].

The Director also ruled that Gour was liable for a no-show fee of up to $250.

Gour appealed the Director's Decision to the LIRAB. Without considering the merits of Gour's appeal, the LIRAB dismissed Gour's appeal on the ground that "[t]here is no appealable decision or final order because compensability remains undetermined." The LIRAB issued its "Order Dismissing Appeal" on February 29, 2012, and the appeal to this court followed.

DISCUSSION

I.

Hawaii Revised Statutes (HRS) § 386-73 (Supp. 2013) grants the Director original jurisdiction over disputes arising under Hawaiʻi's workers' compensation law, HRS Chapter 386, and establishes the right to appeal from the Director's decisions. HRS § 386-73 provides:

> Unless otherwise provided, the director of labor and industrial relations shall have original jurisdiction over all controversies and disputes arising under this chapter. The decisions of the director shall be enforceable by the circuit court as provided in section 386-91. There shall be a right of appeal from the decisions of the director to the

3

appellate board[3/] and thence to the intermediate appellate court, subject to chapter 602, as provided in sections 386-87 and 386-88, but in no case shall an appeal operate as a supersedeas or stay unless the appellate board or the appellate court so orders.

(Emphasis added.)

HRS § 386-87 (1993) establishes procedures for a party to appeal a decision of the Director to the LIRAB and for the LIRAB to decide that appeal. HRS § 386-87 states in relevant part:

> (a) A decision of the director shall be final and conclusive between the parties, except as provided in section 386-89, [4/] unless within twenty days after a copy has been sent to each party, either party appeals therefrom to the appellate board by filing a written notice of appeal with the appellate board or the department. In all cases of appeal filed with the department the appellate board shall be notified of the pendency thereof by the director. No compromise shall be effected in the appeal except in compliance with section 386-78.
>
> (b) The appellate board shall hold a full hearing de novo on the appeal.
>
> (c) The appellate board shall have power to review the findings of fact, conclusions of law and exercise of discretion by the director in hearing, determining or otherwise handling of any compensation[5/] case and may affirm, reverse or modify any compensation case upon review, or remand the case to the director for further proceedings and action.

(Emphasis added.) The decision or order of the LIRAB may, in turn, be appealed to the Intermediate Court of Appeals by the Director or any other party. HRS § 386-88 (Supp. 2013).

II.

In Tam v. Kaiser Permanente, 94 Hawai'i 487, 17 P.3d 219 (2001), the Hawai'i Supreme Court addressed a situation very

---

3/ HRS § 386-1 (1993) defines the term "appellate board" to mean the LIRAB.

4/ HRS § 386-89 (1993) permits the Director to reopen a case under certain conditions.

5/ HRS § 386-1 (1993) defines the term "compensation" to mean "all benefits accorded by this chapter to an employee or the employee's dependents on account of a work injury as defined in this section; it includes medical and rehabilitation benefits, income and indemnity benefits in cases of disability or death, and the allowance for funeral and burial expenses."

similar to this case. Tam, a registered nurse for Kaiser Foundation Hospital (Kaiser), had injured her back at work. Tam, 94 Hawai'i at 491, 17 P.3d at 223. Kaiser accepted liability for Tam's injury, but when the progress of Tam's recovery became prolonged, Kaiser requested that Tam undergo a medical examination by a physician selected by Kaiser (independent medical examination (IME)). Id. Tam participated in the first IME ordered by the Director at Kaiser's request. Id. However, when the Director, at Kaiser's request, issued an order on April 13, 1995, requiring Tam to undergo a second IME, Tam refused to comply. Id. at 492, 17 P.3d at 224. After a hearing held on July 26, 1995, the Director issued a decision dated September 19, 1995, which suspended Tam's workers' compensation benefits until she complied with the order to undergo the second IME. Id. at 492-93, 17 P.3d at 224-25. Tam appealed the Director's September 19, 1995, decision to the LIRAB. Id. at 493, 17 P.3d at 225. In her appeal to the LIRAB, Tam challenged the validity of the Director's order requiring her to undergo the second IME. Id. The LIRAB issued a decision and order affirming the Director's September 19, 1995, decision. Id.

Tam appealed the LIRAB's decision and order to the Hawai'i Supreme Court.[6/] Kaiser questioned the supreme court's jurisdiction over Tam's appeal because the LIRAB's decision did not finally determine Tam's entitlement to benefits under the workers' compensation law. Id. at 494, 17 P.3d at 226. The supreme court held that it had jurisdiction over Tam's appeal, reasoning as follows:

> As a threshold matter, Kaiser questions this court's jurisdiction over the present appeal, inasmuch as the LIRAB's order did not finally determine Tam's entitlement to benefits under the Workers' Compensation Law. The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a). Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999). HRS § 91-14(a) (1993) provides in relevant part

---

[6/] At that time, the decision or order of the LIRAB was directly appealable to the Hawai'i Supreme Court. See HRS § 386-88 (1993).

that "[a]ny person aggrieved by a final decision and order
in a contested case or by a preliminary ruling of the nature
that deferral of review pending entry of a subsequent final
decision would deprive appellant of adequate relief is
entitled to judicial review thereof under this chapter [.]"
The record reflects that Tam was still receiving benefits
for medical care at the time of the [Department of Labor and
Industrial Relations'] hearing.  Inasmuch as Kaiser accepted
liability and did not challenge the reasonableness of the
medical care provided, HRS § 386-21(a) (1993 & Supp. 1999)
created a statutory entitlement to those benefits.  See
State ex rel. Haylett v. Ohio Bureau of Workers'
Compensation, 87 Ohio St.3d 325, 720 N.E.2d 901, 906-07
(1999).  Accordingly, Tam was entitled to the July 26, 1995
hearing, which, was a contested case hearing for purposes of
HRS § 91-14(a).  Moreover, although the LIRAB's decision
does not end the proceedings in Tam's case, it is clear that
"deferral of review pending entry of a subsequent final
decision would deprive appellant of adequate relief."  In
fact, no relief is or will be available to Tam with respect
to her challenge to the present suspension of her workers'
compensation benefits absent this court's review.  Of
course, Tam could comply with the Director's order and
thereby have her benefits restored, but it is precisely the
validity of that order and her right to ignore it that she
asks this court to review in the present appeal.  Given the
parties' positions, and particularly Tam's claim that the
order was unlawful, the option of complying with the
Director's order is not "adequate relief."  Accordingly,
pursuant to HRS § 91-14(a), we have jurisdiction over the
present appeal.

Tam, 94 Hawai'i at 494-95, 17 P.3d at 226-27 (some brackets in
original; emphasis added).

                              III.

          We conclude that Tam's holding and analysis controls
our decision in this case.  Although the supreme court did not
explicitly address whether the LIRAB had jurisdiction to decide
Tam's appeal from the Director's decision suspending her benefits
until she complied with the second IME order, the conclusion that
the LIRAB had jurisdiction is implicit in the supreme court's
decision.  For if the LIRAB lacked jurisdiction over Tam's appeal
from the Director's decision, then the LIRAB could not have
addressed the underlying merits of the Director's decision, and
the supreme court could not have addressed, as it did, the merits
of the LIRAB's decision to affirm the Director.

          Based on Tam, we conclude that the LIRAB was required
to exercise jurisdiction over Gour's appeal because the LIRAB's
failure to review the Director's Decision until the entry of a

6

final decision on Gour's entitlement to benefits will deprive Gour of adequate relief. Similar to the circumstances in Tam, Gour wants to challenge the validity of the Director's order compelling him to undergo an independent psychological examination in his appeal to the LIRAB. No adequate relief with respect to this challenge will be available to Gour if the LIRAB refuses to consider his challenge on the merits until he undergoes the psychological examination. As in Tam, Gour could comply with the Director's order to undergo the psychological examination and thereby end the deferral imposed on the determination of his workers' compensation claim. But this would require Gour to submit to the very psychological examination he claims is unjustified and was not ordered "in accordance with the law[,]" and to comply with the order of the Director for which he seeks review.

                            CONCLUSION

          Based on the foregoing, we conclude that the LIRAB had jurisdiction to consider the merits of Gour's appeal from the Director's Decision and that the LIRAB erred in dismissing Gour's appeal. We therefore vacate the LIRAB's Order Dismissing Appeal and remand the case for further proceedings consistent with this Opinion.

On the briefs:

Martin S. Gour
Claimint-Appellant Pro Se

Robert C. Kessner
Sylvia K. Higashi
for Employer-Appellee and
Insurance Carrier/Insurance
Adjuster-Appellee