**Electronically Filed
Supreme Court
SCWC-22-0000044
08-MAR-2023
08:26 AM
Dkt. 9 OPPC**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

LOLA L. SUZUKI,
Petitioner/Claimant-Appellant-Appellant,

vs.

AMERICAN HEALTHWAYS, INC.,
Respondent/Employer-Appellee-Appellee,

ST. PAUL TRAVELERS,
Respondent/Insurance Carrier-Appellee-Appellee,

and

LORNE K. DIRENFELD, M.D., GARY N. KUNIHIRO, ESQ.,
and SHAWN L.M. BENTON, ESQ., Respondents/Appellees-Appellees.

_____

SCWC-22-0000044

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-22-0000044; CASE NOS. AB 2007-497(S) AND AB 2007-498(S);
DCD NOS. 2-06-14727 AND 2-07-04617)

MARCH 8, 2023

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

PER CURIAM

In this workers' compensation case,

Petitioner/Claimant-Appellant-Appellant Lola L. Suzuki

(Petitioner) asserts that the Intermediate Court of Appeals (ICA) erred when it dismissed the appeal for lack of jurisdiction.  According to the ICA, the order appealed from does not constitute an appealable final order.

However, Petitioner's motion that requested leave to appeal acknowledged that the order was not an appealable final order, and instead sought an appeal under the preliminary ruling language of Hawaiʻi Revised Statutes (HRS) § 91-14(a) (Supp. 2016).[1]  The Labor and Industrial Relations Appeals Board (LIRAB) granted this request.

For the reasons discussed below, we hold that the ICA erred when it dismissed this appeal for lack of jurisdiction. We thus vacate the ICA's November 3, 2022 dismissal order and remand this appeal to the ICA for further consideration.

I.

Petitioner reported a work-related injury on December 18, 2006, claiming that her injury occurred while

---

[1]     HRS § 91-14(a) states in pertinent part:

> (a) Any person aggrieved by a final decision and order in a contested case <u>or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief</u> is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law.

(Emphasis added.)

employed as a registered nurse with her employer, Respondent/Employer-Appellee-Appellee American Healthways Inc. (Employer).  The date of this injury was November 28, 2006.

Following a March 30, 2007 independent medical examination (IME), Petitioner alleged her left forearm was injured during this IME.

At a hearing held on September 6, 2007, in the Disability Compensation Division of the Department of Labor and Industrial Relations (DCD), Petitioner claimed she also sustained a neck injury and sleep disorder due to the March 30, 2007 IME.

On October 24, 2007, the Director of the DCD (Director) determined that Petitioner sustained compensable work-related injuries, but denied Petitioner's claim for compensation relating to her alleged neck injury and sleep disorder.

Petitioner appealed the Director's decision to the LIRAB.  The consolidated cases consist of the Director's Decisions concerning the November 28, 2006 injury (2-06-14727) and March 30, 2007 injury during the IME (2-07-04617).

Following years of further proceedings before the LIRAB and DCD, on July 24, 2018, the LIRAB filed a Third Amended Pretrial Order that specified six issues to be addressed, which included:  (1) Whether Petitioner sustained a personal injury

involving her neck on March 30, 2007, arising out of and in the course of employment; and (2) whether Petitioner sustained or suffered a sleep disorder injury or condition on or about March 30, 2007, arising out of and in the course of employment.

On November 9, 2021, Petitioner was notified that she was scheduled for two additional IMEs, each with a different doctor.

On November 18, 2021, Employer and Respondent/ Insurance Carrier-Appellee-Appellee St. Paul Travelers (Employer/Insurance Carrier) filed two second amended motions to compel Petitioner's attendance at these two IMEs.

On December 2, 2021, Petitioner filed a memo in opposition to Employer/Insurance Carrier's two second amended motions to compel and a motion for partial summary judgment. Petitioner's opposition objected to having to undergo another round of IMEs because good cause did not exist pursuant to HRS § 386-79 (Supp. 2017).

On December 17, 2021, Employer/Insurance Carrier filed a reply that asserted that these two IMEs "are proper and good cause exists as provided in HRS § 386-79" because one IME was to examine Petitioner's "alleged neck pain for purposes of this appeal" before the LIRAB, and the other IME was to examine Petitioner's "alleged sleep disorder for purposes of this appeal" before the LIRAB. Employer/Insurance Carrier's reply

relied on HRS § 386-79(b), which states that an employer is limited to one IME per case "unless good and valid reasons exist with regard to the medical progress of employee's treatment."

On December 28, 2021, the LIRAB filed an order granting Employer/Insurance Carrier's two motions to compel and denying Petitioner's motion for partial summary judgment.

On January 6, 2022, Petitioner filed a request for reconsideration or, alternatively, a request for "judicial review." Petitioner filed an addendum to this request on January 7, 2022. In pertinent part, Petitioner acknowledged that the December 28, 2021 order was not a final appealable order, but sought judicial review under HRS § 91-14(a) because "deferral of review pending entry of a subsequent final decision would deprive [Petitioner] of adequate relief."

On February 8, 2022, the LIRAB filed an order that denied Petitioner's request for reconsideration, but granted her request for judicial review. This order said: "Claimant's pleading filed January 6, 2022 shall be considered an appeal of the [LIRAB's] December 28, 2021 order."

B.

Petitioner's notice of appeal was filed on February 9, 2022, and consists of (1) Petitioner's January 6, 2022 request for reconsideration or, in the alternative, for judicial review

5

that was filed in the LIRAB, (2) the LIRAB's December 28, 2021 order, and (3) the LIRAB's February 8, 2022 order.

On November 3, 2022, the ICA filed an order dismissing the appeal for lack of appellate jurisdiction because the LIRAB's December 28, 2021 order does not constitute a final decision and order under HRS §§ 386-88 and 91-14(a).  The ICA explained:

> Here, the [December 28, 2021] Order:  directs [Petitioner] to submit to medical examinations to ascertain the extent of her purported neck injury, declines to entertain her request for partial summary judgment, and denies her request for sanctions.  It does not end the LIRAB proceedings, leaving nothing further to be accomplished, nor does it finally adjudicate any matter of medical and temporary disability benefits.

On January 3, 2023, Petitioner timely[2] filed an application for writ of certiorari that asserts that the ICA had jurisdiction under HRS § 91-14(a) to review the LIRAB's December 28, 2021 IME order and the ICA's decision is inconsistent with Tam v. Kaiser Permanente, 94 Hawai'i 487, 17 P.3d 219 (2001).[3]

We agree.

_____

[2]     Hawai'i Rules of Appellate Procedure (HRAP) Rule 40.1(a)(1) (2022) allows a party to file a certiorari application "within 30 days after the filing of the [ICA's] . . . dismissal order[.]"  See HRS § 602-59(c) (Supp. 2017) (same).  Petitioner timely requested a thirty-day extension of time to file the certiorari application on November 7, 2022.  See HRS § 602-59(c); HRAP Rule 40.1(a)(3) (2022).  January 2, 2023, was the New Year's holiday. See HRAP Rule 26(a) (2022) (instructing that holidays are excluded from the computation of time).

[3]     A response to the application was not filed.

II.

In Tam, the Director suspended the claimant's workers' compensation benefits because the claimant refused to appear for an IME. 94 Hawaiʻi at 492-93, 17 P.3d at 224-25. The LIRAB affirmed the Director's decision. Id. at 493, 17 P.3d at 225. In addressing the jurisdiction issue, this court said:

> [A]lthough the LIRAB's decision does not end the proceedings in Tam's case, it is clear that "deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief." In fact, no relief is or will be available to Tam with respect to her challenge to the present suspension of her workers' compensation benefits absent this court's review. Of course, Tam could comply with the Director's order and thereby have her benefits restored, but it is precisely the validity of that order and her right to ignore it that she asks this court to review in the present appeal. Given the parties' positions, and particularly Tam's claim that the order was unlawful, the option of complying with the Director's order is not "adequate relief." Accordingly, pursuant to HRS § 91-14(a), we have jurisdiction over the present appeal.

Id. at 494-95, 17 P.3d at 226-27.

Later, in Gour v. Honsador Lumber, LLC, 134 Hawaiʻi 99, 101, 332 P.3d 701, 703 (App. 2014), the Director deferred determination of the claimant's compensation claim until the claimant complied with the ordered IME. On appeal to the LIRAB, the LIRAB dismissed the appeal on the ground that there was no appealable decision or final order because compensability remained undetermined. Id. Contrary to the LIRAB's decision, the ICA relied on Tam to hold that the LIRAB had jurisdiction to consider the merits of the claimant's appeal, as follows:

7

> Based on Tam, we conclude that the LIRAB was required to exercise jurisdiction over Gour's appeal because the LIRAB's failure to review the Director's Decision until the entry of a final decision on Gour's entitlement to benefits will deprive Gour of adequate relief. Similar to the circumstances in Tam, Gour wants to challenge the validity of the Director's order compelling him to undergo an independent psychological examination in his appeal to the LIRAB. No adequate relief with respect to this challenge will be available to Gour if the LIRAB refuses to consider his challenge on the merits until he undergoes the psychological examination. As in Tam, Gour could comply with the Director's order to undergo the psychological examination and thereby end the deferral imposed on the determination of his workers' compensation claim. But this would require Gour to submit to the very psychological examination he claims is unjustified and was not ordered "in accordance with the law[,]" and to comply with the order of the Director for which he seeks review.

Id. at 103, 332 P.3d at 705.

Here, the ICA's November 3, 2022 dismissal order relied on the final order language of HRS § 91-14(a) and case law applying that language. However, Petitioner's request to pursue judicial review, which the LIRAB granted, acknowledged that the appeal would be from a preliminary ruling under HRS § 91-14(a), and not a final order.

An order compelling a claimant to undergo an IME is sufficient to constitute the deprivation of adequate relief that is required under the preliminary ruling language of HRS § 91-14(a). See Tam, 94 Hawaiʻi at 494-95, 17 P.3d at 226-27; Gour, 134 Hawaiʻi at 103, 332 P.3d at 705. As such, the ICA should not have dismissed this appeal for lack of jurisdiction.

8

III.

Based on the above, the ICA's November 3, 2022 dismissal order is vacated and this appeal is remanded to the ICA for further consideration.

Lola L. Suzuki,                          /s/ Mark E. Recktenwald
Petitioner/Claimant-
Appellant-Appellant Pro se               /s/ Paula A. Nakayama

                                         /s/ Sabrina S. McKenna

                                         /s/ Michael D. Wilson

                                         /s/ Todd W. Eddins