**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000527
18-SEP-2025
08:33 AM
Dkt. 47 SO**

NO. CAAP-23-0000527

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LAYNE NOVAK, Claimant-Appellant-Appellant,
v.
COUNTY OF HAWAI'I, DEPARTMENT OF INFORMATION TECHNOLOGY,
Employer-Appellee-Appellee, Self-Insured, and
COUNTY OF HAWAI'I, WORKERS' COMPENSATION DIVISION,
Adjuster-Appellee-Appellee.

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2023-090(H); DCD NO. 1-2023-303133)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

Self-represented Claimant-Appellant-Appellant Layne
**Novak** appeals from the Labor and Industrial Relations Appeals
Board's (**LIRAB**) September 6, 2023 Amended Decision and Order
dismissing Novak's appeal to LIRAB for lack of jurisdiction.  On
appeal, Novak challenges LIRAB's dismissal for lack of
jurisdiction.  We vacate in part, and remand for further
proceedings consistent with this summary disposition order.

As relevant to this appeal, Novak filed a claim for
injuries resulting from an April 19, 2023 incident.  **Employer**-

Appellee-Appellee, County of Hawaiʻi, Department of Information Technology, notified Novak of scheduled appointments with its chosen physician for a medical evaluation (namely, a psychometric test and clinical interview).  Novak responded she would not attend the scheduled appointments and that she had chosen another doctor to complete an independent medical examination (**IME**) for her injury.  Employer moved for an order to compel the medical evaluation.

The **Director** of the Department of Labor and Industrial Relations granted the motion.  Pursuant to Hawaiʻi Revised Statutes (**HRS**) § 386-79 (Supp. 2019),[1] the Director ordered Novak

---

[1]  HRS § 386-79(a) provides:

> **Medical examination by employer's physician.**  (a) After an injury and during the period of disability, the employee, <u>whenever ordered by the director of labor and industrial relations, shall submit to examination</u>, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer.  The employee shall have the right to have a physician, surgeon, or chaperone designated and paid by the employee present at the examination, which right, however, shall not be construed to deny to the employer's physician the right to visit the injured employee at all reasonable times and under all reasonable conditions during total disability. . . .
>
> If an employee refuses to submit to, or the employee or the employee's designated chaperone in any way obstructs such examination, the employee's right to claim compensation for the work injury shall be suspended until the refusal or obstruction ceases and no compensation shall be payable for the period during which the refusal or obstruction continues.

(Emphasis added.)

2

to submit to the medical evaluation. The order stated, "This Order is not appealable."

Novak appealed to LIRAB, asserting the language "This Order is not appealable" was unlawful. LIRAB ordered the parties to show cause why the appeal "should not be dismissed for lack of jurisdiction[,]" citing Hawai'i Administrative Rules (**HAR**) § 12-10-75 (eff. 1985, amended 1994).[2] Novak relied in part on Gour v. Honsador Lumber, LLC, 134 Hawai'i 99, 332 P.3d 701 (App. 2014). Employer did not address Gour.

In its Amended Decision and Order, LIRAB concluded "[u]nder HAR § 12-10-75(c), the Director's order compelling the injured employee to appear for a medical examination is not

---

[2] HAR § 12-10-75 provides in pertinent part:

> **Medical examination orders and reports.** (a) Orders requiring the injured employee to appear for examination by the physician of the employer's choosing may be issued by the director.
>
> . . . .
>
> (c) The director, upon review of the case file and without necessity of hearing, and upon finding that the examination will assist in the expedient disposition of the case or in determining the need for or sufficiency of medical care or rehabilitation, shall issue a medical examination order. The order shall not be appealable and will inform the claimant that compensation may be suspended for failure to submit to the examination without good cause. The injured employee may be responsible for a reasonable no-show fee not to exceed $250 charged by the physician.

(Emphasis added.)

appealable."[3]  Among other things, LIRAB dismissed the appeal for lack of jurisdiction.  Novak appealed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and vacate and remand.

On appeal to this court, Novak challenges LIRAB's dismissal for lack of jurisdiction.[4]  Novak again relies in part on Gour.

---

[3]  LIRAB also concluded it had no jurisdiction to determine the validity of an administrative rule, namely HAR § 12-10-75(c).  Novak does not appear to challenge this conclusion in her points of error.

[4]  Novak asserts fourteen points of error:

1.  "The County violated Novak's access to equal protection";
2.  "The LIRAB does have jurisdiction in the current case";
3.  "Novak appealed the LIRAB's Decision and Order dated June 30, 2023";
4.  "The County required the [sic] Novak to submit to five IMEs";
5.  "Novak submitted an appeal to LIRAB on April 4, 2023";
6.  "LIRAB did not hear any of the [sic] Novak's cases de novo";
7.  "The County provided primary care service to Novak and denied all other treatments as requested by Dr. Carol Orr";
8.  "The County submitted a motion to dismiss the appeal to the ICA";
9.  "LIRAB shall have jurisdiction to determine if the [sic] Novak is compelled to attend, yet another, IME";
10. "The County refused to pay for [certain] services, claiming that services were not authorized";
11. "The County refused to pay for [certain] services, claiming that services were not authorized";
12. "The State and County violated Novak's constitutional rights by not adhering to laws, statutes, procedures, etc., in providing medical care for my disability";
13. "County failed to provide all documents related to Novak's case"; and
14. "Treatment plan denials submitted to Novak, her attorney and Dr. Orr did not follow the rule of law (Exhibit 27)."

Because Novak's challenge to LIRAB's dismissal for jurisdiction is dispositive, we need not reach the remaining points of error.

4

In Gour, the employer informed the employee of a scheduled independent psychological examination. 134 Hawaiʻi at 100, 332 P.3d at 702. When employee failed to appear, employer sought and obtained an order compelling him to undergo an independent psychological examination. Id.

The employee again failed to appear. 134 Hawaiʻi at 101, 332 P.3d at 703. The Director issued another decision deferring determination of compensability until the employee complied with the order to submit to examination. Id.

The employee appealed to LIRAB. Id. LIRAB dismissed the appeal as "'[t]here is no appealable decision or final order because compensability remains undetermined.'" Id. The employee appealed to this court. Id.

On appeal, this court explained HRS § 91-14(a) governs review of a LIRAB decision. 134 Hawaiʻi at 102, 332 P.3d at 704. This court held "the LIRAB was required to exercise jurisdiction over [the employee's] appeal because the LIRAB's failure to review the Director's Decision until the entry of a final decision on [the employee's] entitlement to benefits will deprive [him] of adequate relief." Id. at 103, 332 P.3d at 705. This court vacated LIRAB's decision and remanded the case for further proceedings. Gour, 134 Hawaiʻi at 103, 332 P.3d at 705.

Similar to Gour, Novak challenges the Director's order compelling a medical examination. See 134 Hawaiʻi at 100-01, 332 P.3d at 702-03. LIRAB dismissed Novak's appeal for lack of jurisdiction, relying on HAR § 12-10-75's language that an order compelling a medical examination is not appealable. HAR § 12-10-75 was in effect when Gour was decided. See HAR § 12-10-75; Gour, 134 Hawaiʻi 99, 332 P.3d 701. HAR § 12-10-75 was promulgated to effectuate HRS § 386-79.[5] See HAR § 12-10-75. But nothing in HRS § 386-79 indicates the Director's order compelling a medical examination is not an appealable order.

Following Gour, we hold LIRAB has jurisdiction over Novak's appeal. See Gour, 134 Hawaiʻi at 103, 332 P.3d at 705; see generally Suzuki v. Am. Healthways, Inc., 153 Hawaiʻi 265, 268, 533 P.3d 1212, 1215 (2023) ("An order compelling a claimant to undergo an IME is sufficient to constitute the deprivation of adequate relief that is required under the preliminary ruling language of HRS § 91-14(a).").

Based on the foregoing, we vacate LIRAB's September 6, 2023 Amended Decision and Order to the extent it determined the Director's order compelling Novak to submit to a medical examination was not appealable and affirm in all other respects.

---

[5] HAR 12-10-75 also lists HRS § 386-95, which governs reports of injuries and other reports by employers, but does not discuss orders compelling medical examination or appealability. See HRS § 386-95 (Supp. 2017).

We remand this case to LIRAB for proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, September 18, 2025.

On the briefs:

Layne Novak,
Self represented Claimant-
Appellant-Appellant.

Gary N. Kunihiro,
Christine J. Kim,
Raquelle A. Pendleton,
(Leong Kunihiro Brooke &
Kim),
for Employer-Appellee-
Appellee and Adjuster-
Appellee-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge