**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000427**
**23-DEC-2025**
**08:03 AM**
**Dkt. 71 SO**

NO. CAAP-23-0000427

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LAYNE NOVAK, Claimant-Appellant-Appellant,
v.
COUNTY OF HAWAIʻI, INFORMATION TECHNOLOGY,
Employer-Appellee-Appellee
and
COUNTY OF HAWAIʻI, HEALTH AND SAFETY DIVISION,
Insurance Carrier-Appellee-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO: AB 2023-051(H); DCD NO. 1-2023-210897)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

In this secondary appeal, self-represented Claimant-Appellant-Appellant Layne Novak (**Novak**) challenges the Labor and Industrial Relations Appeals Board's (**LIRAB**) June 30, 2023 "Decision and Order" dismissing Novak's appeal for lack of

jurisdiction.  We resolve Novak's appeal on this dispositive point of error,[1] and vacate and remand.

As relevant to this appeal, Novak filed a claim for injuries resulting from an October 12, 2022 incident.  On February 28, 2023, Employer-Appellee-Appellee County of Hawaiʻi, Department of Information Technology (**Employer**), notified Novak of scheduled appointments with its chosen physician for a medical examination.  On March 15, 2023, Employer requested the Department of Labor and Industrial Relations, Disability Compensation Division (**DLIR**) to issue an order compelling Novak to appear for the medical examination. On March 28, 2023, the DLIR Director granted the request, pursuant to Hawaii Revised Statutes (**HRS**) § 386-79,[2] in an order that stated, "This Order is not appealable."

---

[1]    Novak asserted fourteen additional points of error (**POEs**), many of which appear duplicative.  POEs 3, 4, 6, 7, 9, and 10 all appear to be variations of the contention that LIRAB should not have dismissed Novak's appeal for lack of jurisdiction.  POEs 2, 5, 8, 11, 12, 13, 14, and 15 go to the merits of Novak's underlying worker compensation claim, which we need not reach.

[2]    HRS § 386-79 (2015 & 2017 Supp.), entitled "Medical examination by employer's physician," requires the employee to submit to an examination by a physician designated by the employer, and provides that no compensation shall be paid to an employee who refuses such examination, as follows:

> (a) After an injury and during the period of disability, the employee, whenever ordered by the director of labor and industrial relations, shall submit to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer.  The employee shall have the right to have a physician, surgeon, or chaperone designated and paid by the employee present at the examination[.] . . .

> If an employee refuses to submit to, or the employee or the employee's designated chaperone in any way obstructs such examination, the employee's right to claim compensation for the work injury shall be suspended until the refusal or obstruction ceases and no compensation shall be payable for the period during which the refusal or obstruction continues.

On April 4, 2023, Novak appealed to LIRAB, asserting the language "This Order is not appealable" was unlawful. On May 16, 2023, LIRAB ordered the parties to show cause as to why the appeal "should not be dismissed for lack of jurisdiction," citing Hawaiʻi Administrative Rules (**HAR**) § 12-10-75.[3] In its June 30, 2023 "Decision and Order," LIRAB concluded that it had "no jurisdiction" because "[u]nder § 12-10-75(c), HAR, the Director's order compelling the injured employee to appear for a medical examination is not appealable."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve this appeal as follows.

Novak raised this same jurisdictional challenge in Novak v. Dep't of Info. Tech. (**Novak I**), No. CAAP-23-0000527, 2025 WL 2674476, at *1 (Haw. App. Sep. 18, 2025), appealing a

---

[3]     HAR § 12-10-75 (eff. 1985, amended 1994), entitled "Medical Examination Orders and Reports," provides that the DLIR Director may issue a non-appealable medical examination order to the employee, as follows:

> (a) Orders requiring the injured employee to appear for examination by the physician of the employer's choosing may be issued by the director.
>
> . . . .
>
> (c) The director, upon review of the case file and without necessity of hearing, and upon finding that the examination will assist in the expedient disposition of the case or in determining the need for or sufficiency of medical care or rehabilitation, shall issue a medical examination order. The order shall not be appealable and will inform the claimant that compensation may be suspended for failure to submit to the examination without good cause. The injured employee may be responsible for a reasonable no-show fee not to exceed $250 charged by the physician.

(Emphasis added.)

similar order by the DLIR Director to compel a medical examination for Novak's workers compensation claim from an April 19, 2023 incident. As in Novak I, Novak again relies in part on Gour v. Honsador Lumber, LLC, 134 Hawaiʻi 99, 332 P.3d 701 (App. 2014). In Gour, the DLIR Director deferred determination of compensability of an employee's claim until the employee complied with DLIR's order to submit to medical examination. 134 Hawaiʻi at 101, 332 P.3d at 703. The employee appealed to LIRAB, but LIRAB dismissed the appeal because "there [was] no appealable decision or final order because compensability remain[ed] undetermined." Id. (brackets omitted). On secondary appeal to this court, we vacated LIRAB's decision, holding that "LIRAB was required to exercise jurisdiction over [the employee]'s appeal because the LIRAB's failure to review the Director's Decision until the entry of a final decision on [the employee]'s entitlement to benefits w[ould] deprive [the employee] of adequate relief." Id. at 103, 332 P.3d at 705.

Here, as in Gour, Novak challenges the Director's order compelling medical examination. See 134 Hawaiʻi at 100-01, 332 P.3d at 702-03. LIRAB dismissed Novak's appeal for lack of jurisdiction, relying on HAR § 12-10-75's language that an order compelling a medical examination is not appealable. HAR § 12-10-75 was in effect when Gour was decided. See HAR § 12-10-75; Gour, 134 Hawaiʻi 99, 332 P.3d 701. HAR § 12-10-75 was promulgated to effectuate HRS § 386-79, but nothing in HRS § 386-79 indicates the Director's order compelling a medical examination is not an appealable order.

Consistent with Novak I, 2025 WL 2674476, at *3, we hold LIRAB has jurisdiction over Novak's appeal. See Gour, 134 Hawaiʻi at 103, 332 P.3d at 705; see generally Suzuki v. Am.

4

Healthways, Inc., 153 Hawaiʻi 265, 533 P.3d 1212, 1215 (2023) ("An order compelling a claimant to undergo an IME [(independent medical examination)] is sufficient to constitute the deprivation of adequate relief that is required under the preliminary ruling language of HRS § 91-14(a)." (citing Tam v. Kaiser Permanente, 94 Hawaiʻi 487, 494-95, 17 P.3d 219, 226-27 (2001); Gour, 134 Hawaiʻi at 103, 332 P.3d at 705)).

For the foregoing reasons, we vacate LIRAB's June 30, 2023 "Decision and Order" and remand this case to LIRAB for proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, December 23, 2025.

On the briefs:

Layne Novak
Self-represented Claimant-
Appellant-Appellant.

Christine J. Kim,
Employer-Appellee-Appellee
County of Hawaiʻi, Information
Technology, and
Insurance Carrier-Appellee-
Appellee County of Hawaiʻi,
Health and Safety Division.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge